IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MICHAEL MILLER, | ) | CV. NO. 05-00490 HG-BMK |
| | ) | |
| Plaintiff, | ) | |
| | ) | FINDING AND |
| vs. | ) | RECOMMENDATION THAT |
| | ) | PLAINTIFF'S MOTION TO |
| SMITH MARITIME, LTD.; TOW | ) | COMPEL ADJUSTMENT IN THE |
| BOAT SERVICES & | ) | PAYMENT OF MAINTENANCE |
| MANAGEMENT, INC.; and | ) | BE GRANTED IN PART |
| HAWAIIAN INTERISLAND | ) | |
| TOWING, INC. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

FINDING AND RECOMMENDATION THAT PLAINTIFF'S MOTION TO
COMPEL ADJUSTMENT IN THE PAYMENT OF MAINTENANCE BE
<u>GRANTED IN PART</u>

Before the Court is Plaintiff Michael Miller's motion to compel an increase in the payment of maintenance. The motion was heard on February 2, 2007. Supplemental briefing was then ordered by the Court. After considering the motion, the supporting and opposing memoranda, the arguments of counsel, and the supplemental briefing, the Court hereby FINDS and RECOMMENDS that Plaintiff's motion be GRANTED IN PART and that his maintenance rate be increased from $21 per day to $31 per day.

## FACTUAL BACKGROUND

Plaintiff Michael Miller ("Miller") seeks to recover damages from Defendants Smith Maritime Ltd., Tow Boat Services Management, Inc., and Hawaiian Interisland Towing, Inc ("Defendants").  Miller alleges that he was injured as a result of Defendants' negligence on April 21, 2005, while employed by them on the vessel "Nokea."  At the time of his injury, Miller did not have permanent lodging in Hawaii, and stayed in a hotel while ashore.  Three days after the injury, he was fired.  After quickly depleting his savings, Miller moved back to California, where he now lives in a motor home.  He filed this admiralty action against Defendants on December 9, 2005.

Defendants accepted the obligation to pay daily maintenance to Miller at a rate of $21.00 per day.  On March 3, 2006, Miller received the first of these payments, a check for $6,174 reimbursing him for the period between April 21, 2005 and March 3, 2006.  Since then, Miller has been receiving maintenance at this same rate of $21 per day.  Miller contends that this maintenance rate is too low, and filed the present Motion to compel an increase in the maintenance rate to $50 per day.

After a hearing on this motion on February 2, 2007, the Court requested supplemental briefing regarding Plaintiff's actual living expenses and the

reasonable daily cost of living in Oceanside, California.  This supplemental

briefing has now been submitted to the Court.

## RELEVANT LAW

Shipowners must pay "maintenance" to cover their injured seamen's

food and lodging costs.  Gardiner v. Sea-Land Serv., Inc., 786 F.2d 943, 945-46

(9th Cir. 1986).  The  proper rate of maintenance is a question of fact.  See  Peake

v. Chevron Shipping Co., No. 00-4228, 2004 WL 1781008, at *5 (N.D. Cal., Aug.

10, 2004) (adopting the analytic framework of Hall v. Noble Drilling (U.S.) Inc.,

242 F.3d 582, 590 (5th Cir. 2001) (stating that "determination of the amount of

maintenance is a factual question")).

The proper maintenance rate is usually defined by the actual cost of

the plaintiff's food and lodging, "up to the reasonable amount for their locality."

Hall, 582 F.2d at 590.  Where the plaintiff's actual expenditures are "inadequate to

provide him with reasonable food and lodging," however, the "reasonable" cost of

maintenance should be substituted for the actual cost.  Id.  These reasonable costs

are to be calculated for "the locality of the plaintiff."  Id.

## LEGAL STANDARD

The Court will treat this Motion as a motion for partial summary

judgment and apply the standards of Rule 56 of the Federal Rules of Civil

Procedure.  Which standard should be applied is the subject of considerable

disagreement in this case.  While Defendants favor the application of summary

judgment standards, Miller argues that this motion should not be governed by Rule

56 because he seeks only "interlocutory relief under the 'flexible' admiralty

powers described in Connors v. Iqueque, [No. C05-334,]  2005 WL 2206922

(W.D. Wash., Aug. 25, 2005)."  (Pl.'s Reply Mem. Supp. Mot. 2-3).

     The Court recognizes that United States District Courts in the Ninth

Circuit have not been consistent in their treatment of motions for maintenance and

cure.  Compare Connors v. Iqueque,  2005 WL 2206922, at *2 (stating that "[i]n

applying its admiralty jurisdiction, the court is empowered to take a more 'flexible'

approach" and that "the Supreme Court's instructions to construe claims for

maintenance and cure liberally in favor of seamen counsel against applying the

rigid standards of Rule 56 to a pretrial motion to compel maintenance and cure")

and Boyden v. American Seafoods Co., No. C99-1420R, 2000 WL 33179294

(W.D. Wash., March 21, 2000) (declining to apply a summary judgment standard

to a motion for maintenance and cure because doing so "would invite litigation and

. . . undermin[e] the simplicity in these matters") with Guerra v. Arctic Storm, Inc.,

No. C04-1010L, 2004 WL 3007097 (W.D. Wash., Aug. 4, 2004) (construing a

motion for maintenance and cure as a motion for partial summary judgment) and

4

Blake v. Cairns, No. C-03-4500 MJJ, 2004 WL 1857255 (N.D.Cal., Aug. 16, 2004)

(holding that "if there is no dispute of material fact, then the [maintenance] claim

may be disposed of by summary judgment").

After examining the arguments of Plaintiff and Defendants and the

relevant case law, the Court find that this motion should be treated as a motion for

partial summary judgment.  The Ninth Circuit Court of Appeals has ruled that a

court may properly refuse to compel maintenance before trial when issues of fact

still exist.  See Glynn v. Roy Al Boat Mgm't Corp., 57 F.3d 1495, 1505-06 (9th

Cir. 1995).  In Glynn, the Ninth Circuit held that this Court "did not err in

concluding that a grant of maintenance was premature" where a disputed issue of

fact remained regarding maintenance payments.  57 F.3d at 1505-06.

In addition, United States District Courts in other circuits have

consistently treated motions to compel or adjust maintenance as motions for partial

summary judgment.  See Billiot v. Toups Marine Transport, Inc., 465 F.Supp.

1265, 1267 (E.D. La. 1979)  (stating that "a motion for summary judgment is the

only permissible pre-trial procedure to determine the daily rate of maintenance");

McNeil v. Jantran, Inc., 258 F.Supp.2d 926, 930 (W.D. Ark. 2003) (concluding

that "the motion for retroactive and future maintenance and cure should be treated

as something similar to a motion for summary judgment"); Bloom v. Weeks

5

Marine, Inc., 225 F.Supp.2d 1334, 1336 (M.D. Fla. 2002) (refusing to grant a

motion for maintenance and cure where issues of material fact remained);

Sanfilippo v. Rosa S. Inc., No. 85-3915, 1985 WL 4565 (D. Mass., Dec. 9, 1985)

(requiring motions for maintenance and cure to be brought as motions for summary

judgment).

      Motions for summary judgment are only granted when the court

determines that there is no genuine issue of material fact, and that the undisputed

facts warrant judgment for the moving party as a matter of law.  Fed. R. Civ. P.

56(c).  In determining whether a genuine issue of material fact exists, courts must

resolve all ambiguities and draw all factual inferences in favor of the non-moving

party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); see also Cline

v. Indus. Maint. Eng'g & Contracting Co., 200 F.3d 1223 (9th Cir. 2000).

      The court's function in deciding a motion for summary judgment is

not to try issues of fact, but to determine whether there are any issues to be tried.

Anderson, 477 U.S. at 249.  If there is any evidence in the record from which a

reasonable inference could be drawn in favor of the non-moving party on a

material issue of fact, summary judgment is improper.   See T.W. Elec. Serv., Inc.

v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 631 (9th Cir. 1987) (summary

judgment must be denied if a rational trier of fact might resolve the issue in favor of the non-moving party).

While the Court will treat this as a motion for summary judgment, the Court is aware that the Supreme Court has cautioned against "exceptions or conditions [that would] stir contentions, cause delays, and invite litigations" over maintenance and cure, <u>Vell v. Ford Motor Co.</u>, 421 U.S. 1, 4 (1975), and that the Court has a certain amount of additional flexibility when it exercises admiralty jurisdiction, <u>see</u> <u>Putnam v. Lower</u>, 236 F.2d 561, 568 (9th Cir. 1956).

## DISCUSSION

Miller currently receives $21 per day in maintenance from Smith Maritime.  Miller is entitled to receive his actual daily expenditures, up to the reasonable daily cost of maintenance for the locality in which he resides.  The Court FINDS that there is no genuine dispute of material fact that Miller's actual daily living expenses are approximately $33 per day.[1]  The Court also FINDS that there is no genuine dispute that $31 per day is an acceptable measure of the

---

[1] Miller's allowed daily maintenance expenses total $32.96, which the Court has rounded up to $33 per day.  These expenses include $25.48/day for gasoline for Miller's motorhome, $4.06/day for groceries, $2.36/day for restaurant food, and $1.03 for motorhome insurance.  The Court deems that the $4.03/day claimed for storage fees for Miller's excess possessions is not an allowable maintenance expense.

reasonable daily cost of living for Miller's locality.  Therefore, the Court RECOMMENDS that Miller be awarded a daily maintenance rate of $31 per day.

Smith Maritime raises a number of arguments against Miller's attempts to raise his maintenance rate above $21 per day.  First, Smith Maritime contends that there is a genuine dispute over the amount of Miller's actual living expenses created by the difference in Miller's current claim of $32.96 per day in actual living expenses and Miller's earlier claim of $18.96 per day in eligible daily expenses  (see Decl. of Michael Miller, filed Nov. 20, 2006; Def.'s Mem Opp. 6). Smith Maritime provides no evidence of its own to rebut Miller's claimed expenses, but argues that Miller's evidence "standing alone, creates an issue of material fact that bars summary disposition on the issue of the reasonable daily maintenance in this case."  (Def.'s Supp. Mem. Opp. 12.)

The Court disagrees.  Miller's initial declaration gives his daily expenses in round number estimates; his more recent declaration, on the other hand, is supported by actual receipts saved over the course of a week.  This more recent declaration is obviously intended as a more accurate substitute for Miller's earlier estimate of his daily expenses.  As such, it does not contradict Miller's earlier estimate, and the Court FINDS that no genuine issue of material fact exists that Miller's actual daily expenses are approximately $33 per day.

Smith Maritime also contends that there is a genuine issue of material fact regarding the reasonable daily rate of maintenance for the area in which Miller lives. Indeed, Miller's expert opines that the minimum daily expense of living in Oceanside, California is between $40 and $51 per day. Smith Maritime's expert, on the other hand, provides a range of reasonable daily expenses from $18.40 to $30.44. (Def.'s Supp. Separate Concise Statement, Decl. of Robert Male, Ex. B, at 2.) While there is undoubtedly a dispute between the two experts as to the reasonable daily cost of living, Smith Maritime's own expert concedes that $30.44 is a proper measurement of that cost. Miller is entitled to maintenance in the amount of the actual cost of his food and lodging, "up to the reasonable amount for their locality." Hall, 582 F.2d at 590. The Court therefore FINDS, rounding up, that Miller is entitled to $31 per day in maintenance.

Finally, Smith Maritime also contends that "Plaintiff's original motion and supplemental submission both fail to put facts properly before the Court" and that "Plaintiff improperly raises new arguments in his supplemental submission which must be disregarded." (Def.'s Supp. Mem. Opp. 3.) The Court does not agree, and FINDS that given the uncertainty over the standard of proof, Miller's submissions were proper and that the arguments raised in the supplemental briefing are within the scope of what was requested by the Court.

9

Miller further requests that if a rate lower than $50/day is awarded, that the Court determine a differential daily rate for the 90 day period Miller was in Honolulu.  The Court FINDS that a genuine dispute of material fact remains regarding the reasonable rate of maintenance in Honolulu, and RECOMMENDS that Miller not be awarded additional maintenance for the time he spent in Honolulu.  Miller further requests that he be granted interest on his retroactive maintenance payments, but provides no authority for awarding such interest.  The Court RECOMMENDS that Miller not be awarded interest on his retroactive maintenance payments.

CONCLUSION

For the foregoing reasons, the Court FINDS & RECOMMENDS that Plaintiff's Motion to Compel Adjustment in the Payment of Maintenance be GRANTED IN PART and that Miller's maintenance rate be increased to $31 per day.  The Court RECOMMENDS that this rate be applied both retroactively and prospectively.

IT IS SO FOUND & RECOMMENDED.



/s/ Barry M. Kurren
United States Magistrate Judge
Dated: May 14, 2007

Miller v. Smith Martime, Ltd., et al.; FINDING & RECOMMENDATION THAT PLAINTIFF'S MOTION TO COMPEL ADJUSTMENT IN THE PAYMENT OF MAINTENANCE BE GRANTED IN PART; CV. NO. 05-00490 HG-BMK.