IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MICHAEL MILLER, ) | CIVIL NO. 05-00490 HG-BMK |
| ) | |
| Plaintiff, ) | **ORDER ADOPTING MAGISTRATE** |
| ) | **JUDGE'S FINDING AND** |
| vs. ) | **RECOMMENDATION THAT** |
| ) | **PLAINTIFF'S MOTION TO COMPEL** |
| SMITH MARITIME, LTD.; TOW BOAT ) | **ADJUSTMENT IN THE PAYMENT OF** |
| SERVICES & MANAGEMENT, INC.; ) | **MAINTENANCE BE GRANTED IN** |
| and HAWAIIAN INTERISLAND ) | **PART** |
| TOWING, INC., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**ORDER ADOPTING MAGISTRATE JUDGE'S FINDING AND RECOMMENDATION THAT PLAINTIFF'S MOTION TO COMPEL ADJUSTMENT IN THE PAYMENT OF MAINTENANCE BE GRANTED IN PART**

Plaintiff has moved the Court to compel Defendants to adjust the payment of maintenance to Plaintiff.  Pursuant to Local Rule 53.1 the Court designated the case to a magistrate judge as a Special Master and the Special Master has issued a Finding and Recommendation that Plaintiffs' Motion to Compel Adjustment in the Payment of Maintenance Be Granted in Part.

The Court recognizes that in this case, the magistrate judge had the arduous task of providing a just result, while working within a conflicted area of the law.  Generally, a pretrial motion that involves findings of fact is treated as a motion for summary judgment.  The Ninth Circuit has noted that a court has some additional flexibility when it exercises admiralty

1

jurisdiction.  See Putnam v. Lower, 236 F.2d 561, 568 (9th Cir. 1956).  The history of maintenance and cure has lead the Supreme Court to caution against "exceptions or conditions [that would] stir contentions, cause delays, and invite litigations" over maintenance and cure.  Vell v. Ford Motor Co., 421 U.S. 1, 4 (1975).  At least one court within the Ninth Circuit has noted the lack of guidance from both the Supreme Court and the Ninth Circuit on the issue of pretrial motions for maintenance and cure.  See Mabrey v. Wizard Fisheries, Inc., et al., 2007 U.S. Dist. LEXIS 38355, at *9 (W.D. Wash., May 24, 2007).  In this context, where the plaintiff has demonstrated a compelling personal need to obtain an adjustment in maintenance before trial, it is appropriate to apply a modified summary judgment standard, which takes into account the flexibility afforded by the exercise of admiralty jurisidction.

    Defendants do not contest that they have a duty to provide Plaintiff with the payment of maintenance and cure as a matter of law.  Plaintiff was injured aboard the vessel Nokea on or about April 21, 2005.  Defendants did not commence payment to Plaintiff until March 3, 2006, some eleven months after Plaintiff's accident.  As of that date, Defendants began paying Plaintiff daily maintenance costs of $21.  Evidence provided by both parties' experts supports a finding that $31 daily maintenance rate is both a reasonable rate and an undisputed fact.

Defendants' undue delay has caused Plaintiff increased hardship. The magistrate judge was correct in applying the flexibility afforded by exercising admiralty jurisdiction and recommending that Plaintiff's daily maintenance cost for food and housing in California be adjusted from $21 to $31.  See Peake v. Chevron Shipping Co., No. 00-4228, 2004 WL 1781008, at *10 (N.D. Cal., Aug. 10, 2004)(finding a daily maintenance rate of $33 reasonable.).

The magistrate judge was also correct in finding that Plaintiff's maintenance cost during the ninety day period he was in Honolulu, Hawaii is a material issue of fact.  Plaintiff's expert witness represents that a daily maintenance rate in excess of $50 is reasonable in Honolulu.  Defendants' expert witness opines a daily maintenance rate ranging from $19 to $23.  Neither expert concedes costs between $23 to $50.  Because there is a significant disparity between the Honolulu daily maintenance evidence provided by the parties, a genuine dispute of a material fact exists which will require trial.

For the reasons set forth below, the Court **ADOPTS** the magistrate judge's Finding and Recommendation.

## BACKGROUND AND PROCEDURAL HISTORY

The factual background, relevant case law, and procedural history are detailed in the "Finding and Recommendation That Plaintiffs' Motion to Compel Adjustment in the Payment of

Maintenance be Granted in Part, dated May 14, 2007." ("F&R", Doc. 68.)

On May 28, 2007, Plaintiff filed Objections to the F&R ("Pl. Objections", Doc. 73).

On May 30, 2007, Defendants filed Objections to the F&R. ("Def. Objections", Doc. 75).

On June 7, 2007, Plaintiff filed his Response to Defendants' Objections to the F&R ("Pl. Response", Doc. 77).

On June 8, 2007, Defendants filed their Response to Plaintiff's Objections to the F&R ("Def. Response", Doc. 80).

## **STANDARD OF REVIEW**

A district judge may designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to the district judge proposed findings of fact and recommendations for the disposition, by the district judge, of a motion for judgment on the pleadings as well as a motion for summary judgment. 28 U.S.C. § 636 (b)(1)(B).

This Court must review de novo those portions of the magistrate judge's Findings and Recommendation ("F&R") to which a party objects.  Fed. R. Civ. P. 72(b).  The Court may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.  Id.; see also Rule 74.2 of the Local Rules of the United States District Court for the District of Hawaii.  This

Court may accept those portions of the F&R that are not objected to if it is satisfied that there is no clear error on the face of the record.  See Stow v. Murashige, 288 F. Supp. 2d 1122, 1127 (D. Haw. 2003) (citing Abordo v. State of Hawaii, 902 F. Supp. 1220 (D. Haw. 1995); Campbell v. United States Dist. Court, 501 F.2d 196, 206 (9th Cir. 1974)).

## ANALYSIS

Plaintiff objects to the F&R on the grounds that: (1) the summary judgment standard is at odds with the traditional standard of review for the payment of maintenance; and (2) that Plaintiff presented sufficient unrebutted evidence of his actual living expenses for the ninety day period of time that he resided in Honolulu, Hawaii.

Defendants object to the F&R on the grounds that: (1) there was uncertainty within the Ninth Circuit over the standard of proof and the facts presented in Plaintiff's Supplemental Submission should not have been considered because Plaintiff failed to properly present the facts in a separate concise statement of facts pursuant to LR 56.1; and (2) there is a genuine dispute of material fact regarding Plaintiff's actual daily living expenses and the reasonable daily cost of living for Plaintiff's locality while in California.

**A.   Plaintiff's Objections to the F&R**

   **1.   The Summary Judgment Standard**

The F&R recommends that Plaintiff's Motion to Compel Adjustment in the Payment of Maintenance be treated as a motion for summary judgment in the context of the additional flexibility afforded by exercising admiralty jurisdiction. Plaintiff argues that the traditional evidentiary burden applied to a seaman's right to his remedies is "feather-light". (Pl. Objections at 3.) Plaintiff notes the wide variation of standards applied to pretrial motions for maintenance among the districts of the Ninth Circuit and the other Circuits. (Id.)  Nonetheless, Plaintiff insists that a "feather-light" standard applies.

The magistrate judge is correct.  The F&R correctly finds that, based on the case law within the Ninth Circuit as well as the other Circuits, the summary judgment standard applies to a pretrial motion to compel adjustment in maintenance payments. The magistrate judge is also correct in applying the summary judgment standard with the additional flexibility that exercising admiralty jurisdiction allows.  A pretrial motion involving issues of fact is generally treated as a motion for summary judgment.  The purpose of maintenance and cure is to provide a seaman with food and lodging when he becomes sick or injured in the ship's service. Vaughan v. Atkinson, 369 U.S. 527, 531 (1962).  Admiralty courts are liberal in interpreting this duty for the protection of seamen who are considered wards of the court.  Id.  In order to satisfy this purpose, "maintenance and

cure must be so inclusive as to be relatively simple, and it can be understood and administered without technical considerations" in order to avoid delays and undue litigation. Farrell v. United States, 336 U.S. 511, 516 (1949).

Based on existing case law as well as the history of admiralty law, the magistrate judge was correct to treat Plaintiff's Motion to Compel Adjustment in the Payment of Maintenance as a motion for partial summary judgment within the context of admiralty law.

### 2. Plaintiff's Actual Living Expenses While in Honolulu, Hawaii

The F&R finds that a genuine dispute of material fact remains regarding the reasonable rate of maintenance owed to Plaintiff for the ninety day period he resided in Honolulu, Hawaii. Plaintiff contends that he produced sufficient, unrebutted evidence for the Court to have found that a daily maintenance rate of $50 was *per se* reasonable. The magistrate judge's finding is correct.

Both parties presented expert testimony evidence in support of their arguments as to Plaintiff's actual daily expenses while residing in Honolulu. Plaintiff's expert, Dr. Suyerhoud, arrived at a figure in excess of $50 per day. Defendants' expert, Dr. Male, used the same source of data as Dr. Suyerhoud and arrived at a daily maintenance rate ranging from $19 to $23. Unlike the California daily maintenance evidence provided by the two

parties, the Honolulu daily maintenance evidence is not reasonably close and neither expert opinion report concedes a middle ground.

The Court agrees with the magistrate judge's finding. Plaintiff's daily maintenance rate is not *per se* reasonable. Based on the significant disparity between the evidence provided by both parties on Plaintiff's daily maintenance rate in Honolulu, there is a genuine dispute of material fact.

**B.    Defendants' Objections to the F&R**

    **1.    Uncertainty Over the Standard of Proof**

The F&R finds that given the initial uncertainty over the appropriate manner in which to proceed, Plaintiff's original motion and the requested supplemental submission were proper and that the arguments raised in the supplemental briefing were within the scope of what the magistrate judge had requested. Defendants contend that: (1) there was no uncertainty over the manner in which to proceed because the magistrate judge specifically ruled that Plaintiff's motion shall be treated as a motion for summary judgment; and (2) the facts presented in Plaintiff's Supplemental Submission should not have been considered because Plaintiff failed to properly present the facts pursuant to LR56.1.

The magistrate judge's finding is correct. As noted in section A.1. above, within the Ninth Circuit, there have been a

variety of approaches by district courts.  It is therefore appropriate to expect a Plaintiff filing a motion to compel adjustment in payment of maintenance to be allowed some flexibility in filing a motion for summary judgment.  The same logic applies to Plaintiff's supplemental submission.  The magistrate judge ruled that the court was treating Plaintiff's Motion as a motion for summary judgment.  This statement makes clear that Plaintiff's Motion was to be treated substantively as a motion for summary judgment.

It is within the Court's discretion to make allowances for a party's reasonable procedural variations.  In this case, there was ambiguity as to the legal standard and procedures that applied.  To disallow Plaintiff's submissions and arguments on the basis of form would contravene the interests of justice.  The Court agrees with, and adopts, the magistrate judge's finding.

### 2. There is No Genuine Dispute of Material Fact Regarding Plaintiff's Daily Maintenance Costs in California.

The F&R finds that there is no genuine dispute that $31 per day is an acceptable measure of the reasonable daily cost of living for Miller's California locality.  Defendants object to the F&R on the grounds that: (1) there is a genuine issue of material fact as to the amount of Plaintiff's daily living expenses because Plaintiff produced contradictory testimony regarding this issue; and (2) there is a genuine dispute as to

9

the acceptable measure of the reasonable daily cost of living for Plaintiff's locality.

Under the maintenance doctrine, a "seaman is entitled to a reasonable cost of food and lodging." See Hall v. Noble Drilling (U.S.) Inc., 242 F.3d 582, 588-89 (5th Cir. 2001). Generally, the seamen are entitled to maintenance in the amount of their actual expenses on food and lodging up to the reasonable amount of their locality. Id. at 590. The expense of litigation to recover what may be mere dollars a day may limit the ability of seamen to offer elaborate proof. See Yelverton v. Mobile Laboratories, Inc., 782 F.2d 555, 558 (5th Cir. 1986).

Defendants concede that they owe Plaintiff the duty of paying maintenance. Plaintiff has incurred debt from Defendants' eleven month delay in performing their maintenance duty.

Plaintiff has provided both receipts and expert witness evidence in support of his costs for food and lodging. Plaintiff initially provided his daily expenses in round number estimates without receipts. This amount totaled $18.96. (See Declaration of Michael Miller, attached to Plaintiff's Motion to Compel.) Plaintiff's more recent declaration was calculated from actual receipts. This amount totaled $32.96. (See Declaration of Michael Miller, attached to Plaintiff's Supplemental Submission at ¶ 2.) The magistrate judge noted that Plaintiff's most recent declaration is a more accurate substitute for his earlier

10

estimate of his daily expenses. The actual evidence produced by Plaintiff as to his daily living expenses in California is not contradictory.

When reviewed under the modified summary judgment standard, a daily maintenance award of $31 is appropriate. Defendants argue that the $31 amount provided by its own expert, and relied on by the magistrate judge, overstates the cost. Defendants claim that the $31 figure is based on calculations involving a "shelter" as opposed to a "rental". Defendants do not provide any evidence that Plaintiff pays rent for his current home. Defendants' experts definition of a shelter includes that of a dwelling. Based on the flexibility afforded by exercising admiralty jurisdiction and the purpose of providing a seaman with maintenance, it is reasonable to find that Plaintiff's current housing falls within the definition of shelter.

The court agrees with the magistrate judge. A daily maintenance rate of $31 is reasonable and does not contradict Plaintiff's earlier testimony. See Peake v. Chevron Shipping Co., No. 00-4228, 2004 WL 1781008, at *10 (N.D. Cal., Aug. 10, 2004)(finding a daily maintenance rate of $33 reasonable.).

**CONCLUSION**

For the foregoing reasons, the Court **ADOPTS** the magistrate judge's Finding and Recommendation that Plaintiff's Motion to Compel Maintenance Be Granted in Part (Doc. 68).

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, August 3, 2007.



                        /S/ Helen Gillmor
Helen Gillmor
Chief United States District Judge

---

Michael Miller v. Smith Maritime, Ltd.; Tow Boat Services & Management, Inc.; and Hawaiian Interisland Towing, Inc.; Civ. No. 05-00490 HG-BMK;  **ORDER ADOPTING MAGISTRATE JUDGE'S FINDING AND RECOMMENDATION THAT PLAINTIFF'S MOTION TO COMPEL ADJUSTMENT IN THE PAYMENT OF MAINTENANCE BE GRANTED IN PART**